*345 French, J.,
concurring in part and dissenting in part.
{¶ 51} I agree that Columbia Gas of Ohio, Inc., may not force Cameron Creek Apartments to retrofit its apartments to conform to the standards in the National Fuel Gas Code (“NFG Code”). I do not agree, however, that the Public Utilities Commission’s order gives clear guidance as to what Columbia should do in the future when it identifies a safety hazard. The order does not address whether Columbia can continue its current practice of “red-tagging” and terminating service to unsafe appliances. I would remand to the commission for clarification of that issue.
{¶ 52} Under the commission’s order, Columbia may continue to use the NFG Code as its safety standard. Pub. Util. Comm. No. 08-1091-GA-CSS, at 21 (June 22, 2011), available at http://dis.puc.state.oh.us/TiffToPDF/A1001001AUF22B 41223H86128.pdf. Strict compliance with the NFG Code is not, however, always necessary to remedy a safety issue. Id. Although strict compliance is a safe harbor, customers may also pursue alternative solutions that achieve the same level of safety that the code demands. Id.
{¶ 53} There will always be some period of time between Columbia’s identification of a safety hazard and a customer’s demonstration of compliance, be it prescriptive compliance or alternative compliance. Unfortunately, the commission’s order provides no guidance as to how Columbia should proceed during this interim period. Columbia’s current practice is to immediately shut off service to red-tagged, unsafe appliances until the customer shows that the appliance complies with safety standards. The commission’s order does not address whether Columbia can continue this practice or whether Columbia must continue to provide service while the customer works toward achieving or demonstrating compliance. The commission acknowledged this open question,[4] but failed to answer it. Pub. Util. Comm. No. 08-1091-GA-CSS (Aug. 17, 2011), at 9-10, available at http://dis.puc.state.oh.us/TiffToPDF/A1001001AHH17B15644J85824. pdf.
{¶ 54} Accordingly, I must respectfully disagree with the majority’s view that the commission’s order provides clear guidance to Columbia. I would remand for the commission to determine whether Columbia may refuse to provide service *346 until a customer demonstrates safety compliance or whether Columbia must continue to provide service while the customer works toward compliance.
Isaac, Wiles, Boyle, Burkholder & Teetor, L.L.C., Brian M. Zets, and Thomas L. Hart, for intervening appellee Cameron Creek Apartments.
Porter, Wright, Morris & Arthur, L.L.P., Eric B. Gallon, and Mark S. Stemm; and Charles McCreery, Stephen B. Seiple, and Brooke Leslie, for appellant.
Michael DeWine, Attorney General, and William L. Wright, Thomas W. McNamee, and Devin D. Parram, Assistant Attorneys General, for appellee Public Utilities Commission of Ohio.
O’Connor, C.J., and Lanzinger, J., concur in the foregoing opinion.

. As the commission wrote, “Columbia questions whether it can terminate, or refuse to connect, natural gas service immediately, and then give the customer time to provide the necessary evidence [of safety], or whether it must allow the customer to keep operating in violation of the NFG Code, until it can be determined [whether the appliance meets an alternative compliance method].” Pub. Util. Comm. No. 08-1091-GA-CSS (Aug. 17, 2011), at 9-10, available at http://dis.puc.state.oh.us/Tiff ToPDF/A1001001A11H17B15644J85824.pdf.